**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lord Punchall, | No. CV-20-00350-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Mischel L Grisham, et al., | |
| Defendants. | |

Pending before the Court are multiple Motions to Dismiss. (Docs. 13, 15, 16, 43.) Defendant Robert Haynes filed a Motion to Dismiss (Doc. 13), to which Plaintiff responded (Doc. 24). Defendants Honorable Justice Barbara Vigil and Honorable Jarod Hofacket (the "Judicial Defendants") filed a Motion to Dismiss (Doc. 15), to which Plaintiff responded (Doc. 25). Defendants Michelle Lujan Grisham, Charles W. Daniels, Richard C. Bosson, Petra Jimenez Maes, Mary Lynn Newell and Daniel Veramontez (the "State Defendants") filed a Motion to Dismiss (Doc. 16), to which Plaintiff responded (Doc. 23). Defendants Luna County Board of Commissioners, Raymond Cobos, Mike Eby, and Joe Vigil (the "County Defendants") filed a Motion to Dismiss (Doc. 43), which Plaintiff moved to strike (Doc. 49).[1]

---

[1] Plaintiff's Motion to Strike does not set forth any valid grounds for striking the County Defendants' Motion to Dismiss. *See* LRCiv 7.2(m). Accordingly, the Motion to Strike will be denied.

Also pending are various miscellaneous motions filed by Plaintiff and other parties. The Court will grant the Motions to Dismiss, dismiss the above-captioned action, and deny the remaining motions as moot.

**I.     Background**

Plaintiff's convoluted First Amended Complaint alleges "criminal extra-territorial invasion," "criminal trespass to chattel of a political dwelling," false imprisonment, violation of 28 U.S.C. § 1985, conspiracy to interfere with civil rights, violation of 18 U.S.C. § 953, violation of the Logan Act, and "conspiracy to criminal trespass." (Doc. 10.) These claims appear to arise out of a real estate transaction in the State of New Mexico and a trespass action in that State. (*Id*. at 8-10, 12.) Plaintiff appears to allege his status as a "foreign agent" and claims that the property that is the subject of this dispute is a "royal embassy annex" of a foreign country called Royal Continental Nubian Sudan over which he presides. (Doc. 10 at 7-8.) All named Defendants appear to reside in New Mexico, except for Roman Colter and Leroy Jones, for whom Plaintiff provided addresses in Arizona.[2] (*Id*. at 5-7.) As far as the Court can ascertain from the Complaint, all events giving rise to this action occurred in New Mexico. (*See* Doc. 10.)

Plaintiff has filed numerous frivolous complaints in the United States District Court for the District of New Mexico and is subject to vexatious litigant filing restrictions in that district and in the Court of Appeals for the Tenth Circuit. (Doc. 16 at 2, Doc. 43 at 1-2); *see also Punchard v. United States*, 290 Fed. Appx. 160, 162 (10th Cir. 2008); *Punchard v. Deming City Mun. Court*, No. CIV 07-589 MV/KBM, 2008 WL 11417185, at *4 (D.N.M. Feb. 5, 2008) ("[Plaintiff] has been filing frivolous suits for over twenty years and making the same frivolous and delusional arguments.") (citing *Punchard v. Luna Cty. Comm'n*, 202 F.3d 282 (10th Cir. 2000)).

---

[2] Plaintiff's Amended Complaint indicates that the address listed for Leroy Jones is actually that defendant's mother's address. (Doc. 10 at 5.) The record indicates that Leroy Jones has not been served with either the original Complaint (Doc. 1) or the Amended Complaint (Doc. 10). Pursuant to Fed. R. Civ. P. 4(m), service was due within 90 days of the date the Complaint was filed. Even liberally construing the service deadline to correspond to the filing of the First Amended Complaint on October 29, 2020 (Doc. 10), Jones has not been timely served.

Plaintiff has also previously filed meritless lawsuits in the District of Arizona based on allegations similar to those raised in the present case; his prior lawsuits were all dismissed. *See Punchard v. U.S. Bureau of Land Mgmt*, No. CV-17-0148-JGZ (D. Ariz. July 26, 2017), *aff'd, Punchard v. U.S. Bureau of Land Mgmt.*, 715 Fed. App'x 783 (9th Cir. 2018) (mem.); *Edwards v. Martinez*, No. CV-17-00149-TUC-RCC (D. Ariz. July 6, 2017), *aff'd*, *Edwards v. Martinez*, 713 Fed. App'x 636 (9th Cir. 2018) (mem.); *Punchard v. Luna Cnty. Bd. of Comm'rs*, No. 19-159-TUC-JGZ (D. Ariz. June 18, 2019), *aff'd, Punchard v. Luna Cnty. Bd. of Commisions*, 797 Fed. App'x 345 (9th Cir. 2020) (mem.). Plaintiff has been warned that sanctions may be imposed against him—including vexatious litigant filing restrictions—if he "continues to file cases with obvious jurisdictional defects or other deficiencies in this Court." *Punchard v. U.S. Bureau of Land Mgmt*, No. CV-17-0148-JGZ (D. Ariz. July 26, 2017).

## II. Personal Jurisdiction

The County and State Defendants argue that this action should be dismissed for lack of personal jurisdiction. (Docs. 16, 43.) The Court also has an independent duty to ensure it has personal jurisdiction over every party. *In re JPMorgan Chase Derivative Litig.*, 263 F. Supp. 3d 920, 928 (E.D. Cal. 2017); *see also Ctr. for Biological Diversity v. Bernhardt*, No. CV 19-109-M-DLC, 2020 WL 7640045, at *4 (D. Mont. Dec. 23, 2020).[3] The plaintiff bears the burden of establishing that the exercise of personal jurisdiction is proper. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015).

"Federal courts apply state law to determine the bounds of their jurisdiction over a party." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017). Arizona's long-arm statute permits the exercise of jurisdiction to the full extent permissible under the United States Constitution. Ariz. R. Civ. P. 4.2(a); *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989). In order for the exercise of personal jurisdiction over an out-of-state defendant to comport with the requirements of due process under the United States Constitution, the defendant must "have certain minimum contacts" with the forum

---

[3] The Court need not reach the subject matter jurisdiction inquiry if it determines that no personal jurisdiction exists. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999).

state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation omitted).

Unless a defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be "present" in that forum for all purposes, a forum may exercise only "specific" jurisdiction—that is, jurisdiction based on the relationship between the defendant's forum contacts and the plaintiff's claim. *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006). A district court has specific jurisdiction over a defendant only if: (1) the defendant purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Id.* (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

Plaintiff's Complaint does not allege any facts establishing that this Court has personal jurisdiction over Robert Haynes, the Judicial Defendants, the State Defendants, or the County Defendants. Plaintiff's Complaint does not allege any connection between these Defendants and the District of Arizona. Nothing in the Complaint suggests that these parties are "present" in Arizona for all purposes, or that they have conducted any activity in the forum. The Defendants are located in New Mexico and nothing in the Complaint alleges that they have had any contact with Arizona or that they have taken any action with respect to Arizona. Moreover, Plaintiff's Complaint arises out of his alleged interest in land which appears to be located in Deming, New Mexico. Plaintiff himself is a New Mexico resident. Plaintiff has not met his burden of demonstrating that this Court has personal jurisdiction over Robert Haynes, the Judicial Defendants, the State Defendants, or the County Defendants.

Plaintiff provided Arizona addresses for Defendants Leroy Jones and Roman Colter, although he indicated the address provided for Leroy Jones was the address of that defendant's mother. The record does not indicate that Leroy Jones has been served, and the Court lacks personal jurisdiction over him until the procedural requirement of service of summons has been satisfied. *See Omni Capital Int'l*, 484 U.S. at 104.[4] The record also does not indicate that Roman Colter has been served, although he filed a counterclaim, discussed below in Section IV.[5] Even if this Court may have personal jurisdiction over Defendant Colter, dismissal of this action is still appropriate due to improper venue, as discussed below in Section III.

### III. Venue

The requirements for venue are set forth in 28 U.S.C. § 1391(b):

> (b) Venue in general. A civil action may be brought in—
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

"The venue statutes are generally intended to protect a defendant from being forced to defend in an unfair or inconvenient forum." *Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1106 (C.D. Cal. 2001). The "[p]laintiff has the burden of proving that venue is proper in the district in which the suit was initiated." *Hope v. Otis Elevator Co.*, 389 F. Supp. 2d 1235, 1243 (E.D. Cal. 2005) (citing *Airola v. King*, 505 F. Supp. 30, 31 (D.

---

[4] Pursuant to Fed. R. Civ. P. 4(m), service was due within 90 days of the date the Complaint was filed. Even liberally construing the service deadline to correspond to the filing of the First Amended Complaint on October 29, 2020 (Doc. 10), there is no indication that Jones has been timely served. Before dismissing a defendant for failure to serve, the Court would normally provide notice to the plaintiff and an opportunity to show good cause for an extension of the time for service. *See* Fed. R. Civ. P. 4(m). Here, however, dismissal of this entire action is appropriate due to improper venue, and therefore Plaintiff cannot show good cause to extend the time for serving Leroy Jones.
[5] The counterclaim appears to argue lack of service. (*See* Doc. 30.)

Ariz. 1980)). When deciding a challenge to venue, the pleadings need not be accepted as true, and the district court may consider facts outside of the pleadings. *Arguenta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

The Court finds that venue is not proper in this Court pursuant to 28 U.S.C. § 1391(b). First, venue is improper under Section 1391(b)(1) because, although it appears up to two defendants may reside in the District of Arizona, the remainder of the named Defendants reside in the District of New Mexico. Second, venue is improper in Arizona under Section 1391(b)(2) because the events giving rise to Plaintiff's claims took place in New Mexico, and the property at issue is located in New Mexico. Finally, Section 1391(b)(3) does not apply because, had Plaintiff complied with the vexatious litigant restrictions which apply to him in the District of New Mexico, this case could have been brought in that district.

If a court determines that venue is improper, it must then determine if it is appropriate to transfer the matter to the district in which it could have been brought, or, alternatively, to dismiss the matter. *See* 28 U.S.C. § 1406(a); *see also Edwards*, 2017 WL 4678456, at *4 (determining that venue in the District of Arizona was improper and declining to transfer the action). A case should be transferred instead of being dismissed if a transfer is "in the interest of justice." 28 U.S.C. § 1406(a).

The Court finds that it is not appropriate to transfer this matter to the district in which it could have been brought, the District of New Mexico. It appears that Plaintiff may have filed this action in the District of Arizona in an attempt to circumvent the vexatious litigant filing restrictions to which he is subject in the District of New Mexico. Given Plaintiff's history of vexatious litigation and the convoluted and fantastical allegations of his Complaint, the Court does not find that transferring this case to the District of New Mexico would serve the interest of justice.

The Judicial Defendants, State Defendants, and County Defendants have also raised several other meritorious arguments for dismissal, including judicial immunity, qualified immunity, lack of subject matter jurisdiction, and failure to state a claim upon

which relief may be granted. The Court does not address these arguments because it is apparent this matter should be dismissed on jurisdictional and venue grounds.

### IV.     Counterclaim

Defendant/Counter-Plaintiff Roman Colter filed a counterclaim against Plaintiff. (Doc. 30.) The counterclaim states, in relevant part, as follows:

> Plaintiff, was never served any papers. Ask Defendant, to prove service to me. Defendant is in judgment by District Court in Deming and unable to seek any damage in dismissed case. Plaintiffs seek 50,000 in damages for stress undo [sic] harm and false claims. Ask Court to except [sic] cross complaint; and dismiss any motion by Billy Edwards.

(*See* Doc. 30 at 1.) Plaintiff filed an Objection to the counterclaim, which the Court will construe as a motion to dismiss. (Doc. 37.) Plaintiff argues that (1) he served Defendant Colter; (2) this is a "U.S. foreign relations case" and therefore counterclaims are forbidden; and (3) Colter committed fraud and set up a "criminal enterprise" across state lines. (*Id*.)

"The standard for dismissal of a counterclaim is the same as the standard for dismissal of a complaint." *Hudson Bay Master Fund Ltd. v. Patriot Nat'l, Inc.*, 309 F. Supp. 3d 100, 112 (S.D.N.Y. 2018). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Even liberally construed, Colter's counterclaim fails to state a claim upon which relief can be granted. The counterclaim contains merely conclusory assertions and states no facts that could give rise to a plausible claim against Plaintiff.

Furthermore, it appears that the counterclaim must be dismissed for lack of subject matter jurisdiction. "Lack of subject matter jurisdiction may [] be raised by the district court sua sponte." *Brooke v. Cosumnes River Land LLC*, No. 2:19-cv-02533-MCE-AC, 2020 WL 2062182, at *1 (E.D. Cal. Apr. 29, 2020). Subject matter jurisdiction in federal court may be conferred by either federal question jurisdiction or diversity jurisdiction. "A complaint for relief properly invokes federal jurisdiction where its well-pleaded allegations establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Tijerino v. Stetson Desert Project*, LLC, 934 F.3d 968, 975 (9th Cir. 2019) (internal citation and quotation omitted). "There is no federal question jurisdiction where the federal claim asserted is 'too insubstantial,' defined as so patently without merit that the claim requires no meaningful consideration." *Id.* (internal citation omitted). The Court finds that the counterclaim plainly fails to state a cause of action under federal law or to show that Colter's right to relief depends on resolution of a substantial question of federal law. Thus, no federal question jurisdiction exists over the counterclaim.

Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) "requires: (i) complete diversity among the parties; and (ii) that 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *Jerry Erwin Assocs., Inc. v. Est. of Asher by & through Zangara*, 290 F. Supp. 3d 1213, 1229 (D.N.M. 2017). Although Plaintiff and Defendant/Counterplaintiff Colter are apparently residents of different states, the counterclaim alleges damages in the amount of $50,000, which does not meet the amount-in-controversy requirement of $75,000. Thus, no diversity jurisdiction exists over the counterclaim.

Accordingly,

**IT IS ORDERED** that Plaintiff's "Motion to Squash, Suppress, Strike" Defendants' Motion to Dismiss (Doc. 49) is **denied on the merits** to the extent it requests an order striking the County Defendants' Motion to Dismiss, and **denied as moot** in all other respects.

**IT IS FURTHER ORDERED** Defendants' Motions to Dismiss (Docs. 13, 15, 16, 43) are **granted**. This matter is **dismissed without prejudice**. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that Roman Colter's Counterclaim (Doc. 30) is **dismissed**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 26), Plaintiff's Motion for Permanent Injunction (Doc. 27), Defendant Colter's Motion for Entry of Default (Doc. 46), Plaintiff's "Motion to Squash, Suppress, Strike" Defendants' Response (Doc. 47), Plaintiff's Motion for Court's Consideration of Memorandum (Doc. 58), and Defendant Colter's Motion for Payment (Doc. 60) are **denied as moot**.

Dated this 17th day of March, 2021.

Honorable Rosemary Márquez
United States District Judge